UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY A. MELLO,

                         Plaintiff,                    1:15-CV-0013
                                                                   (GTS/ATB)

v.

SIENA COLLEGE,

                         Defendant.
_____

APPEARANCES:                                               OF COUNSEL:

GLEASON, DUNN, WALSH & O'SHEA          LISA F. JOSLIN, ESQ.
  Counsel for Plaintiff
40 Beaver Street
Albany, New York 12207

TOBIN & DEMPF, LLP                               MICHAEL L. COSTELLO, ESQ.
  Counsel for Defendant
33 Elk Street
Albany, New York 12207

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

      Currently before the Court, in this employment discrimination action filed by Jeffrey Mello ("Plaintiff") against Siena College ("Defendant"), is Defendant's motion for partial summary judgment pursuant to Fed. R. Civ. P. 56 seeking to dismiss Plaintiff's retaliation claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3), as modified by the Equal Pay Act ("EPA") of 1963, 29 U.S.C. § 206(d) *et seq.* (Dkt. No. 11.) For the reasons set forth below, Defendant's motion is denied.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Amended Complaint

Plaintiff's Amended Complaint asserts the following five claims: (1) a claim that Defendant retaliated against Plaintiff for reporting and complaining of unlawful employment practices, in violation of N.Y. Exec. Law ("NYSHRL") § 296(1)(e); (2) a claim that Defendant breached Plaintiff's employment contract when it reduced his salary after he was removed from his position as Dean of the School of Business; (3) a claim that Defendant retaliated against Plaintiff by removing him from his position as Dean of the School of Business and reducing his salary after he complained of unlawful employment practices, in violation of Title VII, 42 U.S.C. § 2000e-3(a); (4) a claim that Defendant violated the FLSA when it retaliated against Plaintiff by removing him from his position as Dean of the School of Business and reducing his salary after he complained of unlawful employment practices;[1] and (5) a claim that Plaintiff is entitled to an award of attorneys' fees and expenses pursuant to 42 U.S.C. § 1988(b) and 29 U.S.C. § 216(b). (Dkt. No. 3, ¶¶ 50-69 [Pl.'s Am. Compl.].) Familiarity with the factual allegations supporting these claims in Plaintiff's Amended Complaint is assumed in this Decision and Order, which is intended primarily for the review of the parties.

---

[1] The Court notes that, in its memorandum of law, Defendant refers to this particular claim as arising under the EPA. (Dkt. No. 11, Attach. 3, at 3-8.) However, a careful reading of Plaintiff's Amended Complaint reveals that he is asserting a retaliation claim under "29 U.S.C. § 215(a)(3)," which is the FLSA. (Dkt. No. 3, ¶¶ 65-68.) Indeed, Plaintiff's opposition memorandum of law emphasizes that "nowhere in plaintiff's Amended Complaint does he purport to raise a 'wage disparity' claim pursuant to [the EPA,] 29 U.S.C. § 206(d)(1). Rather, . . . plaintiff's claim is brought pursuant to the anti-retaliation provision of the FLSA and the EPA, codified at 29 U.S.C. § 215(a)(3)." (Dkt. No. 17, Attach. 3, at 11.) As the Second Circuit has explained, the "EPA was passed in 1963 as an amendment to the [FLSA] . . . . As part of the FLSA, the EPA utilizes the FLSA's enforcement mechanisms and employs its definitional provisions." *Anderson v. State Univ. of N.Y.*, 169 F.3d 117, 119-120 (2d Cir. 1999) *vac. on other grounds*, 528 U.S. 1111 (2000). As a result, for the sake of simplicity and precision, the Court will, in this Decision and Order, refer to this particular claim as a retaliation claim under the FLSA rather than one under the EPA.

**B.     Statement of Undisputed Material Facts**

Based on Defendant's Statement of Material Facts and Plaintiff's response thereto, the undisputed material facts are as follows. (*Compare* Dkt. No. 11, Attach. 2 [Def.'s Rule 7.1 Statement] *with* Dkt. No. 17, Attach. 4 [Pl.'s Rule 7.1 Response].) On July 1, 2010, Plaintiff began his employment with Siena College as Dean of the School of Business and as a tenured faculty member in the Department of Marketing and Management. (Dkt. No. 11, Attach. 2, ¶ 1 [Def.'s Rule 7.1 Statement].) Plaintiff continued his employment in these positions for more than three years, until he was notified that his position as Dean of the School of Business would be discontinued as of August 2, 2013. (*Id.*, ¶ 2.) Plaintiff was further notified that, beginning on August 2, 2013, he would be returned to his faculty position and his salary would be reduced by $55,000 to a total amount of $105,000 for the following academic year. (*Id.*, ¶ 3.)

On March 17, 2014, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations under Title VII. (*Id.*, ¶ 4.) On April 4, 2014, Plaintiff filed an Amended Charge of Discrimination with the EEOC including a claim of a violation under the FLSA. (*Id.*, ¶ 5.) On April 9, 2014, Plaintiff commenced an action in New York State Supreme Court, County of Albany, alleging breach of contract and that he was retaliated against for reporting and complaining of unlawful employment practices, in violation of NYSHRL § 296(1)(e). (*Id.*, ¶ 6.) Thereafter, Plaintiff received a Notice of Right to Sue letter from the EEOC and, on January 2, 2015, his action was removed to the United States District Court for the Northern District of New York. (*Id.*, ¶ 9.) Plaintiff continues to be employed in his full-time tenured faculty position with full benefits at Siena College. (*Id.*, ¶ 10.)

### C. Parties' Briefing on Defendant's Motion for Partial Summary Judgment

#### 1. Defendant's Memorandum of Law

Generally, Defendant asserts the following two arguments in its memorandum of law. (Dkt. No. 11, Attach. 3 [Def.'s Mem. of Law].) First, Defendant argues that Plaintiff has not alleged that he was engaging in a protected activity under the FLSA when he raised concerns to administrators at Siena College regarding gender inequity in the salaries paid to professors. (*Id.* at 5.) In support of this argument, Defendant cites *Lambert v. Genesee Hosp.*, 10 F.3d 46 (2d Cir. 1993), for the point of law that the FLSA anti-retaliation provision prohibits retaliation only *after* an employee has complained of a violation to *a governmental authority*. (*Id.* at 3-4.) As an initial matter, Defendant argues that complaining to Siena College's administrators (rather than a governmental authority) constitutes an intra-company complaint that is not considered a protected activity under *Lambert*. (*Id.* at 5.) Furthermore, Defendant argues that, although Plaintiff's Amended Complaint alleges that he filed a complaint with the EEOC, he did not do so until *after* he was allegedly retaliated against. (*Id.*)

Second, Defendant argues that Plaintiff lacks standing to bring his FLSA claim because he was not actually aggrieved by the alleged wage disparity among certain faculty members. (*Id.* at 6.) More specifically, Defendant argues that, because the FLSA is silent on the issue of standing, the Court must use the standing provision contained in Title VII. (*Id.*) Defendant further argues that, under Title VII (specifically, 42 U.S.C. § 2000e-5), a wage discrimination claim must be filed by or on behalf of someone claiming to be aggrieved. (*Id.* at 6-8.) Therefore, Defendant argues that, because Plaintiff's Amended Complaint alleges that he complained about female professors being paid less than male professors for the same work, and

that he was a member of the higher-paid class (i.e., male professors), he has not been aggrieved.[2] (*Id.* at 8.)

## 2. Plaintiff's Opposition Memorandum of Law

Generally, Plaintiff's opposition memorandum of law asserts two arguments. (Dkt. No. 17, Attach. 3 [Pl.'s Opp'n Mem. of Law].) First, with respect to whether he engaged in protected activity under the FLSA, Plaintiff argues that Defendant's heavy reliance on the Second Circuit's decision in *Lambert* is misplaced because the Second Circuit specifically overruled that decision in *Greathouse v. JHS Sec., Inc.*, 784 F.3d 105 (2d Cir. 2015). (*Id.* at 10-11.) More specifically, Plaintiff argues that, in *Greathouse*, the Second Circuit held that "FLSA's remedial goals counsel in favor of construing the phrase 'filed any complaint' in section 215(a)(3) broadly, to include intra-company complaints to employers as well as complaints to government agencies." *Greathouse*, 784 F.3d at 114. Based upon this ruling, Plaintiff argues that he engaged in protected activity under the FLSA when he expressed his concern to College administrators regarding gender wage inequity (which occurred before he was retaliated against). (*Id.* at 13.)

Second, Plaintiff argues that Defendant's standing argument is also misplaced because he has not asserted a wage disparity claim pursuant to 29 U.S.C. § 206(d)(1) of the EPA; rather, he has asserted a retaliation claim pursuant to 29 U.S.C. § 215(a)(3) of the FLSA. (*Id.* at 14.) Plaintiff argues that the elements required to establish a prima facie case of retaliation under the

---

[2] The Court notes that this particular argument is based not merely on the unverified Amended Complaint filed by Plaintiff in this Court on January 12, 2015 (Dkt. No. 3) but on the *verified* Amended Complaint filed by Plaintiff in state court at some point before removal of that state court action to this Court on January 2, 2015 (Dkt. No. 17, Attach. 3, at 8 [citing Dkt. No. 17, Attach. 1, at 58-70].) Ordinarily, a verified pleading has the effect of an affidavit for purposes of a motion for summary judgment. However, because the verified Amended Complaint proffered by Defendant was not signed by either Plaintiff or his attorney, it has no such effect.

FLSA are separate and distinct from those required to establish a wage disparity claim under the FLSA. (*Id.* at 14-15.)

Furthermore, Plaintiff argues that, even if Title VII's standing provision were applicable to his FLSA retaliation claim, he would still have standing to pursue that claim. (*Id.* at 12.) In support of this argument, Plaintiff cites *Thompson v. N. Am. Stainless, LP*, 562 U.S. 170 (2011), where the Supreme Court noted that Title VII's anti-retaliation provision "is not limited to discriminatory actions that effect the terms and conditions of employment. . . . Rather, Title VII's anti[-]retaliation provision prohibits any employer action that 'well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Thompson*, 562 U.S. at 174 (quoting *Burlington N. & S.F.R. Co. v. White*, 548 U.S. 53, 68 [2006]). In addition, Plaintiff argues that, because the Supreme Court adopted a broad interpretation of Title VII's anti-retaliation provision, courts should adopt a broad interpretation of FLSA's anti-retaliation provision, which is similarly broad. (Dkt. No. 17, Attach. 3, at 13 [Pl.'s Opp'n Mem. of Law].)

Finally, Plaintiff argues that his retaliation claim falls within the "zone of interests" protected by the FLSA because, in lodging complaints with his supervisors, he sought to address the same discriminatory conduct that the FLSA is meant to protect. (*Id.* at 14.)

### 3. Defendant's Reply Memorandum of Law

Generally, in reply to Plaintiff's opposition memorandum of law, Defendant asserts two arguments. (Dkt. No. 20 [Def.'s Reply Mem. of Law].) First, Defendant argues that the Second Circuit's decision in *Greathouse* (which was issued on April 20, 2015) should not have retroactive effect over this case (which was filed on January 2, 2015) under the retroactive-application standard set forth by the Supreme Court in *Chevron Oil v. Huson*, 404 U.S. 97 (1971). (*Id.* at 2-5.)

Second, Defendant reiterates its argument that Plaintiff is not an aggrieved party within the meaning of the FLSA and, therefore, cannot claim to be aggrieved by the alleged retaliatory conduct. (*Id.* at 5-6.) Defendant argues that there is a dearth, if not a complete absence, of case precedent within the Second Circuit holding that employers violated 29 U.S.C. § 215(a)(3) by retaliating against employees for complaining about conduct by which they were not personally aggrieved. (*Id.* at 6.)

Furthermore, Defendant argues that Plaintiff's reliance on *Thompson* is inapposite because, in that case, the Supreme Court made no attempt to harmonize the standing requirements of the FLSA's anti-retaliation provision with the one contained in Title VII. (*Id.*) Defendant argues that a finding that Plaintiff has standing to pursue his FLSA claim under the circumstances of this case would significantly expand the scope of the FLSA anti-retaliation provision and expose employers to claims that have a tenuous nexus between an employee complaint and subsequent adverse action. (*Id.* at 7.)

## II. STANDARD GOVERNING A MOTION FOR SUMMARY JUDGMENT

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) (citation omitted); *see also* Fed. R. Civ. P. 56(e)(2). As the Supreme Court has famously explained, "[the non-moving party] must do more than simply show that

there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86 (1986). As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the movign party. *Anderson*, 477 U.S. at 255. In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986); *see also* Fed. R. Civ. P. 56(c), (e). However, when the moving party has met this initial burden of establishing the absence of any genuine issue of material fact, the nonmoving party must come forward with specific facts showing a genuine dispute of material fact for trial. Fed. R. Civ. P. 56(c), (e).

### III. ANALYSIS

As an initial matter, the Court notes that, although Defendant has filed its motion as a motion for summary judgment, it is appropriately analyzed under the legal standard governing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) because it relies entirely on the allegations contained in Plaintiff's Amended Complaint as well as documents attached to it, incorporated into it by reference, and/or integral to it. Indeed, additional record evidence, such as deposition transcripts or affidavits, has not been submitted in support of Defendant's motion. Under these circumstances, "a trial judge may dismiss for failure to state a

cause of action upon motion for summary judgment." *Schwartz v. Compagnise Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968) (citations omitted); *see also Funches v. Fischer*, 11-CV-0869, 2014 WL 1312048, at *6 n.5 (N.D.N.Y. Mar. 31, 2014) (Suddaby, J.) (stating that, "[t]o the extent that a defendant's motion for summary judgment under Fed. R. Civ. P. 56 is based entirely on the allegations of the plaintiff's complaint, such a motion is functionally the same as a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12[b][6]") *aff'd*, 588 F. App'x 50 (2d Cir. 19, 2014); *accord*, *Dabney v. Pegano*, 10-CV-1109, 2013 WL 5464776, at *5 (N.D.N.Y. Sept. 30, 2013) (Suddaby, J.) *aff'd*, 604 F. App'x 1 (2d Cir. Feb. 17, 2015). In such a circumstance, the Court need not give prior notice to the party whose pleading is being analyzed. *See Katz v. Molic*, 128 F.R.D. 35, 37-38 (S.D.N.Y. 1989) (stating that "[t]his Court finds that . . . a conversion [of a Rule 56 summary judgment motion to a Rule 12(b)(6) motion to dismiss the complaint] is proper with or without notice to the parties").

For the sake of brevity, the Court will not recite, in this Decision and Order, the well-known legal standard governing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), but will respectfully refer the reader to the Court's Decision and Order in *Pflaum v. Town of Stuyvesant*, 937 F. Supp. 2d 289, 297-300 (N.D.N.Y. 2013) (Suddaby, J.).

### A. Whether Plaintiff Has Alleged Facts Plausibly Suggesting that He Engaged in Protected Activity Under the FLSA When He Allegedly Made an Intra-Company Complaint to the College Administrators Regarding Wage Disparity

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Plaintiff's opposition memorandum of law. (Dkt. No. 17, Attach. 3, at 7-11 [Pl.'s Opp'n Mem. of Law].) To those reasons, the Court adds the following two points.

First, the Court notes that Defendant's argument regarding the retroactive effect of *Greathouse* has been considered by other courts in this Circuit, which have found that "the standard in *Greathouse* applies regardless of the prevailing interpretation of law at the time of the underlying incident." *Thompson v. Jennings & Hartwell Fuel Oil Corp.*, 14-CV-1857, 2015 WL 5437492, at *4 (E.D.N.Y. Aug. 27, 2015); *see also Dunn v. Sederakis*, 602 F. App'x 33, 34 (2d Cir. 2015) (remanding dismissal of an anti-retaliation claim where the district court "applied our circuit's law then in effect; but its basis for dismissal may no longer be sound under *Greathouse*"). Therefore, the Court declines to adopt Defendant's argument that *Lambert* precludes Plaintiff's FLSA claim because he made a intra-company complaint rather than one to a government agency.

Second, the Court notes that, because Defendant did not base its motion on the so-called "manager rule," and because Plaintiff is proceeding neither *pro se* nor *in forma pauperis* in this action, the Court cannot, and does not *sua sponte* consider the manager rule in this Decision and Order. However, the discovery and dispositive motion deadlines have not yet expired in this action. (*See* Text Order dated March 17, 2016 [extending discovery deadline to May 20, 2016, and the dispositive motion deadline to July 18, 2016].) As a result, should Defendant choose to file another dispositive motion, it is of course free to discuss the manager rule in that motion and whether it applies to Plaintiff who, as a dean, made complaints on behalf of female professors that may have been his subordinates. *See Littlejohn v. City of New York*, 795 F.3d 297, 317 n.16 (2d Cir. 2015) (noting that the manager rule provides that "complaints of discrimination within the scope of a manager's job duties are not protected activities, and that, in order to engage in protected activity, the employee must 'step outside his or her role of representing the company' and take action adverse to the company").

### B. Whether Plaintiff Has Alleged Facts Plausibly Suggesting that He Has Standing to Bring His FLSA Retaliation Claim

After carefully considering the matter, the Court answers this question in the affirmative for the reasons stated in Plaintiff's opposition memorandum of law. (Dkt. No. 17, Attach. 3, at 11-14 [Pl.'s Opp'n Mem. of Law].) To those reasons, the Court adds the following point.

Contrary to Defendant's assertions, courts within this Circuit have considered the applicability of the FLSA anti-retaliation provision to employees who are retaliated against after making complaints on behalf of others. For example, the United States District Court for the District of Connecticut recently commented that, "[a]lthough *Greathouse* did not discuss whether the FLSA anti-retaliation provision encompasses complaints–like [plaintiff's]–that are made on behalf of other employees only, the language in the statute prohibiting employers from discharging 'any employee because such employee has filed *any complaint* . . . under or *related to this chapter*. . .' 29 U.S.C. § 215(a)(3), is sufficiently broad to cover complaints about FLSA violations against others." *Corpes v. Walsh Constr. Co.*, 14-CV-0181, 2015 WL 5331803, at *3 (D. Conn. Sept. 14, 2015).

Similarly, the Tenth Circuit has stated, albeit in dictum, that "[w]hile the FLSA contains no similar 'opposition' clause [to that contained in Title VII], we assume, without deciding that the language of § 215(a)(3) is sufficiently broad to encompass conduct taken on behalf of others . . . . Section 215(a)(3) does not explicitly require that the employee's protected conduct relate to the assertion of his or her *own* statutory rights." *McKenzie v. Renberg's Inc.*, 94 F.3d 1478, 1486-87 n.8 (10th Cir. 1996).

Based upon these persuasive authorities, and the Second Circuit's statement that the "remedial nature of the FLSA warrants an expansive interpretation of its provisions so that they

will have the widest possible impact on the national economy[,]" *Greathouse*, 784 F.3d at 114 (internal quotation marks omitted), the Court finds that Plaintiff has alleged facts plausibly suggesting that he has standing to pursue an FLSA retaliation claim.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's partial motion for summary judgment (Dkt. No. 11) is **DENIED**.

Dated: March 23, 2016
      Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge